IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 3:94-CR-46-3H

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEVEN DESMOND PETERSON, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for grand jury testimony [DE #487]. The government has responded, and this matter is ripe for adjudication.

In his motion, defendant seeks disclosure of the grand jury testimony of two witnesses who testified at his trial. Grand jury proceedings are secret. However, pursuant to Federal Rule of Criminal Procedure 6(e), the Supreme Court has established a three-part test to determine the exceptional case in which disclosure may be warranted. Disclosure of grand jury materials is permissible when (1) the materials are needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request for disclosure is structured to cover only

material so needed. <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 222 (1979); <u>In re Grand Jury Proceedings</u>, 800 F.2d 1293, 1298 (4th Cir. 1986). The party seeking such disclosure must make a strong showing of a "particularized need" <u>See</u>, <u>United States v. Sells Engineering, Inc.</u>, 463 U.S. 418, 443 (1983).

For the reasons stated by the government, defendant has not met his burden. The "mere possibility" that a witness' testimony before the grand jury was different from his testimony at trial is an insufficient reason to disclose protected proceedings of the grand jury. <u>United States v. Chase</u>, 372 F.2d 453, 466 (4th Cir. 1967).

Additionally, in order to receive a transcript at government expense, the court must certify that the appeal is not frivolous, but presents a substantial question. 28 U.S.C. § 753(f)(2010). The court finds there is no substantial question presented here.

## CONCLUSION

For the foregoing reasons, the defendant's motion to disclosure grand jury testimony [DE #487] is DENIED.[1]

This 5TH day of July 2011.

*Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[1] Defendant also seeks grand jury transcripts in another filing [DE #489]. In as much as that filing relates to grand jury testimony, such request is denied. However, the clerk is directed to inform Mr. Peterson of the cost of his sentencing transcript.