IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 3:94-CR-46-3H
No. 5:11-CV-317-H

STEVEN DESMOND PETERSON )
)
    Petitioner, )
)
v. )    **ORDER**
)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner has responded, and this matter is ripe for adjudication. Also before the court are various other motions by plaintiff that relate, either directly or indirectly, to his § 2255 motion. As to petitioner's motion to amend his § 2255 motion [DE #506], the court grants the motion and has considered the amendments filed by petitioner [DE #505] as well as petitioner's original memorandum. Additionally, petitioner's motion to stay [DE #520] is GRANTED inasmuch as petitioner's response [DE #521] is deemed timely filed and has been considered by this court. As to petitioner's motion for recusal, the court has no bias or prejudice against petitioner and finds no reason for recusal. Therefore, the motion [DE #490] is DENIED.

## BACKGROUND

Petitioner was indicted on July 12, 1994, along with nine co-defendants in a 41-count Indictment charging various drug trafficking and firearms charges, continuing criminal enterprise, etc. Petitioner stood trial and on February 8, 1995, was found guilty by a jury on 18 counts and not guilty on 6 counts. Two additional counts were later dismissed upon motion of the government. On May 9, 1995, petitioner was sentenced to life imprisonment with 5- and 20-year consecutive sentences.

Petitioner appealed his conviction and sentence. On March 24, 2000, the Fourth Circuit issued its opinion vacating petitioner's conviction and sentence as to Counts One and Four of the Indictment (with the consent of the government) and affirming the district court's judgment in all other respects. United States v. Peterson, 210 F.3d 363, No. 95-5407 (4th Cir. March 24, 2000). The Fourth Circuit simply vacated the convictions and did not remand the matter back to this court for further proceedings. No timely petition for writ of certiorari was filed in the Supreme Court. Accordingly, petitioner's conviction became final on June 22, 2000, when the time permitted for filing a certiorari petition expired. Clay v. United States, 537 U.S. 522 (2003).

Although petitioner has filed various post-judgment motions with this court, he filed his first § 2255 motion on June 17, 2011, approximately eleven years after his conviction became final.

**COURT'S DISCUSSION**

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The judgment in petitioner's case became final on June 22, 2000, when the time for filing a certiorari petition expired.

3

Petitioner had one year to file a timely § 2255 action. His petition, filed June 17, 2011, was filed well beyond the one-year statute of limitations.

Petitioner argues that after the Fourth Circuit vacated his convictions on counts one and four of the indictment, he was entitled to be re-sentenced in this court. Petitioner then argues that because he was not re-sentenced his conviction has never become final for purposes of beginning the AEDPA's one-year statute of limitation. However, the judgment of the Fourth Circuit contained no indication that the case was to be remanded back to this court for re-sentencing or any other proceedings. Therefore, this court had no jurisdiction to re-sentence petitioner. Beause the case was not remanded, his judgment became final in 2000, as previously noted. This court finds petitioner's motion is untimely.

## **CONCLUSION**

For the foregoing reasons:

(1) The government's motion to dismiss [DE #514] is GRANTED;

(2) Petitioner's § 2255 motion is DISMISSED as untimely;

(3) Petitioner's motion to amend his § 2255 motion [DE #506] is GRANTED;

(4) Petitioner's motion to stay [DE #520] is GRANTED inasmuch as petitioner's response [DE #521] is deemed timely filed;

4

(5) Petitioner's motion for recusal [DE #490] is DENIED;

(6) In light of the dismissal of the § 2255 motion, the court DENIES AS MOOT the following motions: motion for discovery [DE #492], motion for writ of mandamus [DE #498]; motion for clarification [DE #500], motion for discovery [DE #507] and motion for copy of sentencing transcripts [DE #542];

(7) Petitioner's motion for an extension of time to file a reply [DE #529] is GRANTED and his reply has been considered; however, because petitioner's motion to vacate is untimely, his motion to supplement [DE #524] is deemed moot;

(8) Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

This 17TH day of January 2013.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

5