```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    NO. 3:94-CR-46-H
```

UNITED STATES OF AMERICA,         )
                                  )
                                  )
                                  )
     v.                           )
                                  )          **ORDER**
                                  )
STEVEN DESMOND PETERSON,          )
                                  )
     Defendant.                   )
                                  )


This matter is before the court on the following motions filed by defendant:

(1) Motion for discovery documents [DE #565];

(2) Motion to ask permission to receive documents [DE #566];

(3) Motion to receive record of restitution payments [DE #575];

(4) Motion to correct judgment [DE #587];

(5) Motion for a certificate of appealability [DE #601];

(6) Motion to reduce sentence [DE #637];

(7) Motion to compel and motion for status report [DE #638].[1]

---

[1] Defendant has recently filed a motion for relief under the First Step Act. The court has appointed counsel for defendant on this issue. Therefore, his motion is not yet ripe for ruling.

Defendant's two motions for documents essentially seek to re-open discovery in this criminal matter. For lack of good cause shown, the motions [DE #565 and 566} are DENIED.

Defendant seeks information regarding his payments of his special assessments and restitution. The court directs the clerk to send a copy of defendant's Case Inquiry Report to defendant. Therefore, defendant's motion to receive records of payment is GRANTED [DE #575].

As to defendant's motion to correct judgment, defendant notes that his judgment was not amended by the district court after two of his convictions (Counts 1 and 4) were vacated by order of the Fourth Circuit. While the Fourth Circuit did not remand the matter to this court assumedly because the vacatur did not impact his sentence, to memorialize the vacatur of certain counts, the court directs the clerk to enter an amended judgment consistent with the Fourth Circuit's order of March 28, 2000 [DE #309]. The clerk is further directed to send a copy of the amended judgment to the BOP.

Defendant also moves for a certificate of appealability [DE #601], seeking a certificate to appeal the judgment in his 2255 motion. That judgment was entered on January 17, 2013 [DE #547] and the order specifically denied a certificate of appealability [DE #546]. Further, defendant did appeal the denial of his 2255

2

motion, and the Fourth Circuit denied a certificate of appealability. [DE #560]. Therefore, the motion [DE #601] is DENIED.

Defendant has also filed a motion to reduce sentence [DE #637]. Amendment 591 is not retroactive, and therefore does not apply to defendant. As to Amendment 782, the court shall rule upon this matter in due course, as the court must gather certain information from United States Probation. An order on that matter is forthcoming.

Finally, defendant files a motion for a status report regarding these motions. As the court is ruling on all the motions, this motion is denied as moot [DE #638].

## **CONCLUSION**

For the foregoing reasons, the court makes the following rulings:

(1) Motion for discovery documents [DE #565] is DENIED;
(2) Motion to ask permission to receive documents [DE #566] is DENIED;
(3) Motion to receive record of restitution payments [DE #575] is GRANTED and the clerk is directed to send a copy of his Case Inquiry Report to defendant;

(4) Motion to correct judgment [DE #587] is GRANTED and the clerk is instructed to enter an amended judgment as detailed above;

(5) Motion for a certificate of appealability [DE #601] is DENIED;

(6) Motion to reduce sentence [DE #637] shall be ruled upon once certain information is gathered; and

(7) Motion to compel and motion for status report [DE #638] is DENIED AS MOOT.[2]

This 15th day of August 2019.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[2] Defendant has recently filed a motion for relief under the First Step Act. The court has appointed counsel for defendant on this issue. Therefore, his motion is not yet ripe for ruling.

4